No. 2018-1213

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ASHFORD UNIVERSITY, LLC,

Petitioner,

v.

DAVID J. SHULKIN, M.D.,
Secretary of the Department of Veterans Affairs,

Respondent.

RESPONDENT'S MOTION TO WAIVE THE
REQUIREMENTS OF RULE 17, MOTION TO DISMISS, AND
MOTION TO SUMMARILY DENY THE PETITION FOR REVIEW

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

Y. KEN LEE
Deputy Chief Counsel

MARTIN F. HOCKEY, JR.
Deputy Director

BRYAN THOMPSON
Attorney
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420

WILLIAM J. GRIMALDI
Senior Trial Attorney
Civil Division
Department of Justice
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0471
william.j.grimaldi@usdoj.gov

December 14, 2017

Attorneys for Respondent

# **TABLE OF CONTENT**

**PAGE**

STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS .................. 2

ARGUMENT ............................................................ 6

I.   The Court Should Waive Certified List Filing Requirement Because
     Ashford Does Not Challenge A Rule ............................................ 6

II.  The Court Should Dismiss The Petition Because Ashford's Challenge Of
     VA's Adjudication Falls Outside This Court's Section 502 Jurisdiction ...... 9

III. Ashford Has Not Filed A Petition With VA For A Rulemaking ................. 13

CONCLUSION ................................................... 14

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                           <u>**PAGE(S)**</u>

*Ashford U., LLC v. Iowa Dept. of Educ.*,
   No. EQCE080188, 2017 WL 3386541 (Iowa Dist. July 17, 2017)..................5, 6

*Climax Molybdenum Co., Div. of Amax, Inc. v. Sec'y of Labor, etc.*,
   703 F.2d 447, 450 (10th Cir. 1983) ...................................................................12

*Coal. for Common Sense in Gov't Procurement v. Sec'y of Veterans Affairs*,
   464 F.3d 1306 (Fed. Cir. 2006)................................................................. 10, 11

*McKinney v. McDonald*,
   796 F.3d 1377 (Fed. Cir. 2015)......................................................................9

*N.Y. State Comm'n on Cable Television v. FCC*,
   749 F.2d 804 (1984)..................................................................................12

*Nat'l Labor Relations Bd. (NLRB) v. A.P.W. Prods. Co.*,
   316 F.2d 899 (2d Cir. 1963) .......................................................................12

*NLRB v. Hondo Drilling Co.*,
   428 F.2d 943 (5th Cir. 1970) ......................................................................12

*Preminger v. Sec'y of Veterans Affairs*,
   632 F.3d 1345 (Fed. Cir. 2011).....................................................................13

## <u>STATUTES</u>

5 U.S.C. § 551 ................................................................................ 7, 9, 10, 11

5 U.S.C. § 552 .........................................................................................10

5 U.S.C. § 553 ............................................................................... 10, 12, 13

5 U.S.C. § 554 ................................................................................... 10. 12

38 U.S.C. § 502 .......................................................................... 8, 12, 14, 16

38 U.S.C. § 511 ............................................................................... 14, 16

38 U.S.C. § 3311 .............................................................................. 2, 15

38 U.S.C. § 3313 ...................................................................................16

38 U.S.C. § 3671 .....................................................................................3

38 U.S.C. § 3672 .............................................................................. 2, 3, 4

38 U.S.C. § 3680 .....................................................................................3

38 U.S.C. § 3682 .....................................................................................3

38 U.S.C. § 3690 ............................................................ 3, 4, 12, 13, 14

38 U.S.C. § 7104 ...................................................................................14

38 U.S.C. § 7252 ...................................................................................14

38 U.S.C. § 7292 ...................................................................................14

## RULES

Fed. Cir. R. 17 .............................................................. 1, 2, 6, 9, 17

Fed. Cir. R. 47.12 ........................................................................ 8, 13

## REGULATIONS

38 C.F.R. § 21.4155 ..............................................................................7, 8

38 C.F.R. § 21.4200 ..............................................................................7, 8

38 C.F.R. § 21.4266 ..............................................................................7, 8

38 C.F.R. §§ 21.4151 ............................................................................7, 8

38 C.F.R. §§ 21.4210-21.4216 ......................................................... 4, 15

38 C.F.R. § 21.4250 ..............................................................................7, 8

72 Fed. Reg. 20 .......................................................................................8

73 Fed. Reg. 79 .......................................................................................8

74 Fed. Reg. 14 ................................................................................. 8, 13

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| **ASHFORD UNIVERSITY, LLC,**           ) | |
| )  | |
|    **Petitioner,**           ) | |
| )  | |
|    **v.**           ) | **No. 2018-1213** |
| )  | |
| **DAVID J. SHULKIN, M.D.,**           ) | |
| **Secretary of the Department of Veterans Affairs,**           ) | |
| )  | |
|    **Respondent.**           ) | |

## RESPONDENT'S MOTION TO WAIVE THE REQUIREMENTS OF RULE 17, MOTION TO DISMISS, AND MOTION TO SUMMARILY DENY THE PETITION FOR REVIEW

Pursuant to Federal Circuit Rules 17(b)(3) and 27(f), David J. Shulkin, M.D., Secretary of Veterans Affairs, respectfully requests the Court to waive the requirement to file a certified list or index, and to dismiss the petition for review or, in the alternative, deny the petition on the merits.  Petitioner Ashford University, LLC (Ashford) has indicated through counsel that it opposes this motion.

As demonstrated below, Ashford is seeking review of an adjudicative determination, not a rule.  Section 502 of title 38, United States Code, provides this Court with jurisdiction to review the content of rules and the process by which they are promulgated, not the application of a rule by the Department of Veterans Affairs (VA) via an adjudication.  Ashford thus requests that this Court exceed the

statutory limitations on its jurisdiction.  The Court should dismiss or deny Ashford's petition.

Moreover, because Ashford's sole challenge is an attempt to improperly challenge an adjudicatory action by VA via the process for challenging a rule, Ashford's petition does not sufficiently identify a rulemaking proceeding as required under Federal Circuit Rule 17(b)(3).  VA is thus unable to compile a certified list or index of documents considered in promulgating a non-existent rule, and the Secretary accordingly requests that the Court waive the requirement for VA to do so.  Alternatively, to the extent that this Court denies our motion to waive the Rule 17(b)(3) requirement, we respectfully request that the Court extend the time for filing a certified list or index.[1]

## STATEMENT OF THE CASE SETTING OUT RELEVANT FACTS

VA pays education benefits to veterans and their dependents who meet specific criteria including, *inter alia*, being enrolled in an approved course of education.  *See, e.g.*, 38 U.S.C. §§ 3311 (discussing entitlement to Post-9/11 GI Bill benefits generally), 3672 (discussing approval requirements applicable to all courses of education).  Congress generally delegated the task of approving courses

---

[1] A certified list is currently due on January 2, 2018.  To the extent this Court denies both our motions to dismiss and to waive submission of a certified list, we respectfully request an extension of 30 days from the date of the Court's order on this motion to file a certified list.

of education for GI Bill purposes to State Approving Agencies (SAA) and requested that each state create an SAA. *See generally* 38 U.S.C. §§ 3671, 3672, 3675, 3676. An individual eligible to receive GI Bill benefits may not receive payment of benefits based on enrollment in a course of education unless the SAA "where such educational institution is located" has approved the course of education. 38 U.S.C. § 3672(a).

SAA approval of a course is, therefore, necessary for a student to receive GI Bill benefits based on enrollment in the course. SAA approval, however, is not sufficient alone, because Congress precluded VA from paying GI Bill benefits for enrollment in specific circumstances even assuming an SAA approved the course. *See, e.g.*, 38 U.S.C. §§ 3680(a)(3) (mandating that VA not pay for enrollment in a course when the student subsequently withdraws from that course), 3680A(a)(1) (mandating that VA not pay for enrollment in a bartending course), 3690(a)(1) (mandating that VA not pay new enrollments for any course in which an educational institution charges veterans more for tuition and fees than it charges other students). Moreover, despite affording SAAs significant discretion regarding approval of courses of education, *see, e.g.*, 38 U.S.C. § 3682, Congress restricts VA from paying GI Bill benefits based on enrollment in a course if that course is approved by an SAA but "the course approval requirements … are not being met." 38 U.S.C. § 3690(b)(3)(A).

3

In other words, Congress required that both the SAA for the state in which the institution is located and VA agree that course approval requirements are being met in order for payment of benefits to occur based on enrollment in the course. *See* 38 U.S.C. §§ 3672, 3690(b).  Although VA may "suspend educational assistance to eligible veterans" if it does not agree with the SAA that "the course approval requirements of this chapter are [] being met," 38 U.S.C. § 3690(b)(3)(A), Congress required VA to notify the SAA "and the educational institution concerned" in writing "of any such failure to meet such approval requirements" before it could discontinue or disapprove benefits based on a faultily-approved course.  38 U.S.C. § 3690(b)(3)(B)(i).  Further, VA may not suspend payment of GI Bill benefits for enrollment in improperly SAA-approved courses until after that notice is provided to the SAA and educational institution and:

> such institution refuses to take corrective action or does not within 60 days after such notice (or within such longer period as the Secretary determines is reasonable and appropriate) take corrective action[.]

38 U.S.C. § 3690(b)(3)(B)(ii).  VA implemented this statutory authority via regulation.  *See generally* 38 C.F.R. §§ 21.4210-21.4216.

In 2005, Bridgepoint Education, Inc. (hereinafter "Bridgepoint") purchased the Franciscan University of the Prairies – located in the State of Iowa – and changed its name to Ashford University.  *See* Bridgepoint Securities and Exchange

4

(SEC) Form 10-Q (May 21, 2009), at 7.[2]  In December 2013, Bridgepoint moved

Ashford's "main campus" from Iowa to San Diego, California.  SEC Form 10-Q

(Aug. 1, 2014), at 16.[3]  In 2016, the Iowa SAA notified Ashford that it no longer

had jurisdiction to approve its online education programs, and Ashford applied to

the California SAA.  *See Ashford U., LLC v. Iowa Dept. of Educ.*, No. No.

EQCE080188, 2017 WL 3386541, *4 (Iowa Dist. July 17, 2017).  Further, Ashford

initiated a lawsuit against the State of Iowa in 2016, disputing the Iowa SAA's

disapproval of Ashford's online education programs.  *See generally id*.[4]

　　　In 2017, Ashford applied to the Arizona SAA for approval of its online

programs for GI Bill purposes and received approval from the Arizona SAA.  Pet.

Ex. B.  VA subsequently acknowledged Ashford's reliance upon the Arizona

SAA's approval.  Pet. Ex. C.

　　　On November 9, 2017, VA issued a letter notifying Ashford and the Arizona

SAA that the approval of Ashford's online programs for GI Bill purposes by the

Arizona SAA failed to meet approval requirements.  Pet. Ex. A at 1.  The letter

---

[2] *available at* http://d1lge852tjjqow.cloudfront.net/CIK-0001305323/
f4c147bb-08e2-4469-90be-86d012e0498f.pdf. (last visited December 12, 2017).

[3] *available at* http://d1lge852tjjqow.cloudfront.net/CIK-0001305323/
3b7388dc-a350-47c0-a3c5-0f32d87e2bb1.pdf. (last visited December 12, 2017).

[4] Although we understand that Ashford's initial application to California was
withdrawn, the record of this adjudication does not appear to include details of this
application.  We further understand that Ashford intends to reapply to California.

explained that the Arizona SAA had not provided sufficient evidence to establish that it had jurisdiction to approve Ashford's online program. *Id.* Although independent study courses could only be approved for GI Bill educational assistance by the SAA for the State in which the institution's main campus is located, VA explained that the information it received indicated that Ashford's Arizona location did not meet the definition of a main campus. *Id.* at 1-3. The letter provided Ashford with the ability to remedy the situation, explaining that payment of GI Bill benefits would not be made based on enrollment in Ashford's online programs beginning in 60 days unless Ashford's programs were properly approved. *Id.* at 3.

Ashford filed its petition for review on November 21, 2017, alleging that VA engaged in improper rulemaking.

## ARGUMENT

### I.    The Court Should Waive Certified List Filing Requirement Because Ashford Does Not Challenge A Rule

Because Ashford does not challenge a VA rule, this Court should waive the requirement in Rule 17(b)(3) for VA to provide the Court with a certified list or index to the record of rulemaking.

Rule 17(b)(3) permits VA to move to waive the certified list requirement or extend the time for filing "if a petitioner has not adequately identified the

rulemaking proceeding complained of." Here, Ashford has not adequately identified a rulemaking proceeding that it is challenging.

Rather, as is explained in more detail in the following section, Ashford is impermissibly attempting to challenge a VA adjudication by mischaracterizing VA's decision as a rule that would be reviewable under section 502. VA's November 9, 2017 cure letter to Ashford and the Arizona SAA does not meet the statutory definition of a rule or rulemaking pursuant to the Administrative Procedure Act (APA), but rather is part of the adjudicatory process that VA must follow pursuant to 38 U.S.C. § 3690(b)(3) before issuing a final order suspending educational assistance to eligible GI Bill beneficiaries based on their enrollment in a non-compliant course, in this case Ashford's online programs. *See* 5 U.S.C. § 551(4)-(7). Specifically, sections 3690(b)(3)(B)(i) and (ii) require that VA notify the educational institution and SAA of the deficiencies in an approval and give 60 days to allow the educational institution to come into compliance before suspending assistance.

To be clear, Ashford cited numerous VA regulations in its petition. *See* Pet. at 2 (citing 38 C.F.R. § 21.4200), 6 (citing 38 C.F.R. §§ 21.4250, 21.4151, 21.4152), 7 (citing 38 C.F.R. § 21.4155), 8 (citing 38 C.F.R. § 21.4266). However, it appears that Ashford is not challenging any of these regulations, either in

substance or in the process of promulgation.[5]  Rather, each citation to VA

regulation appears instead to be an effort to establish the state of VA's regulations

and rules prior to November 9, 2017, as part of an attempt to argue that the cure

letter itself was a change in rule or regulation.  *See* Pet. at 2, 6, 7, 8; *see also id.* at

1 ("These rules, first publicly announced in a November 9, 2017[,] letter . . . ."), 15

(requesting the Court "[d]eclare the Letter null and void, insofar as it expresses and

purports to rely upon unlawful substantive and interpretive rules").

Regardless of Ashford's characterization, the cure letter notifies Ashford of

VA's adjudicative determination that the Arizona SAA's approval is insufficient

and further informs Ashford that if it fails to remedy the eligibility deficiency

through corrective action within 60 days, VA will suspend payment of GI Bill

benefits and suspend approval of new enrollments and reenrollments in Ashford's

online programs.  Pet. Ex. A at 3.

---

[5] Even were Ashford attempting to challenge any or all of the regulations it cites, such a challenge would not be timely as VA has not changed any of these regulations during the past 60 days.  *See* Fed. Cir. R. 47.12(a) ("An action for judicial review under 38 U.S.C. § 502 of a rule and regulation of [VA] must be filed … within 60 days after issuance of the rule or regulation[.]"); *see also* Post-9/11 GI Bill, 74 Fed. Reg. 14,654 (Mar. 31, 2009) (implementing the currently applicable versions of 38 C.F.R. §§ 21.4200, 21.4250, 21.4252); Increase in Rates Payable Under the Survivors' and Dependents' Educational Assistance Program and Other Miscellaneous Issues, 73 Fed. Reg. 79,645 (Dec. 30, 2008) (implementing the currently applicable versions of 38 C.F.R. §§ 21.4151, 21.4155); Administration of VA Educational Benefits – Centralized Certification, 72 Fed. Reg. 20,425 (Apr. 25, 2007) (implementing the currently applicable version of 38 C.F.R. § 21.4266).

The cure letter is thus part of an adjudication and is not a rule or regulation, and Ashford "has not adequately identified the rulemaking proceeding complained of" because it simply has not challenged a VA rule or rulemaking.  Fed. Cir. R. 17(b)(3); *see also* 5 U.S.C. § 551(4)-(7).  Accordingly, this Court should waive the requirement for VA to provide a certified list or index.  To the extent this Court denies this motion, we respectfully request that the Court extend the deadline for filing a certified list to 30 days from the date of that decision.

## II.    The Court Should Dismiss The Petition Because Ashford's Challenge Of VA's Adjudication Falls Outside This Court's Section 502 Jurisdiction

Because Ashford challenges an adjudication and not a rulemaking, its claim falls outside of this Court's limited section 502 jurisdiction, and this Court should dismiss the petition.

Pursuant to section 502, this Court possesses jurisdiction to review "'the VA's procedural and substantive rules, any amendments to those rules, and the process in which those rules are made or amended'" pursuant to the APA. *McKinney v. McDonald*, 796 F.3d 1377, 1383 (Fed. Cir. 2015) (quoting *DAV v. Gober*, 234 F.3d 682, 688 (Fed. Cir. 2000)).  However, as defined by the APA, not all agency actions are rules or regulations.  5 U.S.C. § 551(13).

In fact, the APA specifically draws a distinction between rulemaking/rules and adjudication/orders.  The APA defines an "adjudication" as the "agency process for the formulation of an order" and an "order" as "the whole or a part of a

9

final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making." 5 U.S.C. § 551(6), (7). The APA establishes procedures for specific types of adjudications; the procedures for those adjudications are separate from, and irrelevant to, the procedures for rules. *See* 5 U.S.C. § 554; *compare* 5 U.S.C. § 553. Conversely, the APA defines "rule making" as the "agency process for formulating, amending, or repealing a rule" and a "rule" as:

> the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing.

5 U.S.C. § 551(4) and (5).

This Court has held that it does not have jurisdiction to review orders pursuant to section 502 regardless of whether a petitioner attempts to characterize an agency action as a rule. *Coal. for Common Sense in Gov't Procurement v. Sec'y of Veterans Affairs*, 464 F.3d 1306, 1316 (Fed. Cir. 2006) ("[W]e have jurisdiction under section 502 to review substantive and interpretative rules, but not orders"). Rather, the citations in sections 5 U.S.C. § 552(a)(1) and 5 U.S.C. § 553 limit this Court's jurisdiction under section 502 to the review of substantive

10

and interpretive rules, and excludes jurisdiction to review an "order" or "adjudication" as defined by the APA. *See Coal. for Common Sense*, 464 F.3d at 1316.

In *Coalition for Common Sense*, this Court assessed whether a form letter sent to all providers of prescription medications constituted an order or a rule, ultimately concluding that that letter was not an order because it "was not written as part of an adjudicative process, such as an enforcement proceeding against a particular manufacturer," but rather "prospectively requires action on behalf of all drug manufacturers." *Id*. at 1317. Here, unlike the letter before the Court in *Coalition for Common Sense*, VA's cure letter is not generally applicable to all schools or online programs; it applies only to online programs offered by Ashford. *Compare Coal. for Common Sense*, 464 F.3d at 1316-17 *with* Pet. Ex. A at 1-3.

Further, and again unlike the letter at issue in *Coalition for Common Sense*, VA's cure letter was issued to Ashford as part of an individualized adjudication assessing whether the Arizona SAA's approval of Ashford's online programs met approval requirements. *See* Pet. Ex. A at 1-3. As such, the cure letter is not a rule attempting to "implement, interpret, or prescribe law or policy," *see* 5 U.S.C. § 551(4), but rather is part of the adjudicatory process through which VA must go

before acting to suspend educational assistance via final order, *see* 38 U.S.C. § 3690(b)(3)(B)(ii).[6]

Therefore, this Court's limited jurisdiction pursuant to 38 U.S.C. § 502 to entertain challenges to rulemaking procedures used by VA to promulgate a substantive or interpretive rule does not apply to an adjudication or order issued after adjudication by VA.  Because VA's cure letter is part of the adjudication process, this Court should dismiss Ashford's petition or, in the alternative, affirm that VA did not violate any APA procedure for rulemaking in issuing the cure letter.

---

[6] Although other circuits do not apply 38 U.S.C. § 502, those that have addressed whether a distinction exists between rulemaking and adjudications under the APA appear to have concluded, similarly to this Court in *Coalition for Common Sense*, that individualized determinations are quasi-judicial actions of agency adjudication, not quasi-legislative actions of agency rulemaking, and are therefore subject to APA provisions for adjudication, not rulemaking.  *See, e.g.*, *Nat'l Labor Relations Bd. (NLRB) v. A.P.W. Prods. Co.*, 316 F.2d 899, 905 (2d Cir. 1963) ("when an administrative agency makes law as a legislature would, it must follow the rule-making procedure prescribed in [the APA], and when it makes law as a court would, it must follow the adjudicative procedure prescribed in [the APA]"); *NLRB v. Hondo Drilling Co.*, 428 F.2d 943, 947 (5th Cir. 1970) (agency "did not engage in rule-making within the meaning of the [APA]" in creating a specific eligibility formula for a union election or in finding a violation of statute for refusing to negotiate with union officials); *Climax Molybdenum Co., Div. of Amax, Inc. v. Sec'y of Labor*, 703 F.2d 447, 450 (10th Cir. 1983) (accepting, among other things, that the procedures described in 5 U.S.C. § 554 apply to agency adjudications); *N.Y. State Comm'n on Cable Television v. FCC*, 749 F.2d 804, 815 (1984) ("The decision whether to proceed by rulemaking or adjudication lies within the Commission's discretion.").

### III.    Ashford Has Not Filed A Petition With VA For A Rulemaking

To the extent Ashford wishes to propose issuance, amendment, or repeal of a VA regulation, it may do so by filing a petition for rulemaking with VA.  *See* 5 U.S.C. § 553(e).  Ashford does not assert that it has requested a VA rulemaking regarding any aspect of this case.  *See* Pet. at 1-16.  Therefore, the issue of whether VA has appropriately responded to a request for rulemaking regarding any rule implementing section 3690 or other aspect of the GI Bill programs does not exist.

To the extent that Ashford later requests a rulemaking by VA, it will have a judicial remedy regarding an unfavorable end result, including a denial of that request.  *See Preminger v. Sec'y of Veterans Affairs*, 632 F.3d 1345, 1352 (Fed. Cir. 2011) ("[W]e hold that § 502 vests us with jurisdiction to review the Secretary's denial of a request for rulemaking made pursuant to § 553(e)").  However, a request by Ashford and subsequent action by VA appears to be required.  As discussed above in footnote 5, none of the regulations cited in Ashford's petition has been changed in the last 60 days, meaning an attempt to challenge those regulations via section 502 is time barred.  *See* Fed. Cir. R. 47.12(a).  Similarly, VA has not changed any of the regulations through which it implements 38 U.S.C. § 3690 during the past 60 days.  *See* Fed. Cir. R. 47.12; *see also* 74 Fed. Reg. 14,654 (implementing the currently applicable versions of 38 C.F.R. §§ 21.4210, 21.4211, 21.4212, 21.4213, 21.4214, 21.4215, 21.4216).

13

Further, it should be noted that to the extent VA's actions discussed in this motion impact a student's benefits, to include aspects of their GI Bill benefits, the student may raise a challenge pursuant to 38 U.S.C. § 511, to include an appeal to the board, the Veterans Court, and, to the extent consistent with 38 U.S.C. § 7292(d), this Court.[7]  As such, this Court's dismissal of Ashford's petition will not insulate VA's action pursuant to section 3690 from judicial review as it pertains to actual veterans' claims.  Regardless, as discussed above, such dismissal is required at this point because Ashford's attempt to challenge VA's adjudication pursuant to section 3690 is not currently within the jurisdiction afforded to this Court by 38 U.S.C. § 502.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss or, alternatively, deny Ashford's petition filed pursuant to section 502.  Moreover, to the extent necessary, we also respectfully request that the Court waive the requirement under Rule 17(b)(3) to file a certified list or index or, alternatively, extend the time for filing the certified list or index.

---

[7] We are not aware of any decision holding that an organization such as Ashford could raise a similar claim under section 511(a).  Because no final agency action has occurred in this matter rendering any section 511(a) challenge unripe, the Secretary takes no position on this issue at this time.

14

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

                                        /s/Martin F. Hockey, Jr.
Y. KEN LEE                              MARTIN F. HOCKEY, JR.
Deputy Chief Counsel                    Deputy Director

                                        /s/William J. Grimaldi
BRYAN THOMPSON                          WILLIAM J. GRIMALDI
Attorney                                Senior Trial Attorney
Department of Veterans Affairs          Civil Division
810 Vermont Ave., NW                    Department of Justice
Washington, DC  20420                   PO Box 480, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel: (202) 616-0471
                                        william.j.grimaldi@usdoj.gov

December 14, 2017                       Attorneys for Respondent

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | | |
|---|---|---|
| **ASHFORD UNIVERSITY, LLC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 2018-1213** |
| | ) | |
| **DAVID J. SHULKIN, M.D.,** | ) | |
| **Secretary of the Department of Veterans Affairs,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Upon consideration of respondent's motion to waive the requirements of

Federal Circuit Rule 17 and to dismiss the petition for review or, in the alternative,

to deny the petition on the merits, it is hereby

ORDERED that the requirements of Federal Circuit Rule 17 are waived and

the petition for review is dismissed.

_____
For the Court

Dated:_____

16

## **CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 27(d)(2)(A)**

Pursuant to Rule 27(d)(2)(A) of the Rules of the United States Court of Appeals for the Federal Circuit, respondent's counsel certifies that this brief complies with the Court's type-volume limitation rules. According to the word-count calculated by the word processing system with which this motion was prepared, the brief contains a total of 3,737 words

/s/William J. Grimaldi

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 14th day of December, 2017, a copy of the foregoing "RESPONDENT'S MOTION TO WAIVE THE REQUIREMENTS OF RULE 17, MOTION TO DISMISS, AND MOTION TO SUMMARILY DENY THE PETITION FOR REVIEW" was filed electronically.

<u>X</u> This filing was served electronically to all parties by operation of the Court's electronic filing system.

<u>/s/William J. Grimaldi</u>